**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JASON REESE** and **KEVIN BENNETT**, | ) | CASE NO. |
| | ) | |
| *Individually and on behalf of all others similarly situated,* | ) | JUDGE |
| | ) | |
| | ) | **PLAINTIFFS' CLASS AND** |
| Plaintiffs, | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| *v.* | ) | |
| | ) | ***(Jury Demand Endorse Hereon)*** |
| **MIKE ALBERT LEASING, INC.** | ) | |
| c/o Statutory Agent W. Patrick Stull | ) | |
| 10340 Evendale Dr. | ) | |
| Cincinnati, OH 45241 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiffs Jason Reese and Kevin Bennett, on behalf of themselves and all others similarly situated, by and through counsel, for their Class and Collective Action Complaint against Defendant Mike Albert Leasing, Inc. (hereinafter also referred to as "Mike Albert Leasing" or "Defendant"), state and allege the following:

## INTRODUCTION

1.     The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant Mike Albert Leasing to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek, 29 U.S.C. § 207, and required

Defendant Mike Albert Leasing to pay non-exempt employees the statutory minimum wage, 29 U.S.C. § 206. Ohio constitutional and statutory law further required the payment of overtime compensation, minimum wage, and contained other compensation requirements and/or penalties. *See* O.R.C. §§ 4113.15, 2307.60; Ohio Const. Art. II, Sec. 34a.

2.      Plaintiffs bring this case to challenge the practices and policies of Defendant that willfully violate the FLSA, 29 U.S.C. §§ 201-219, as well as the constitutional and statutory law of the State of Ohio, O.R.C. §§ 4113.15, 2307.60; Ohio Const. Art. II, Sec. 34a.

3.      Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective," or "Opt-In Plaintiffs").

4.      Plaintiffs also bring this case as a class action under Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under O.R.C. §§ 4113.15, 2307.60, and Article II, Section 34a of the Ohio Constitution (the "Ohio Class").

5.      Plaintiffs and other members of the FLSA Collective and Ohio Class now seek to exercise their rights to unlawfully unpaid overtime wages, unlawfully unpaid minimum wages, additional statutory/constitutional liquidated damages, other penalties and compensation available under federal and Ohio law, in addition to prejudgment and post-judgment interest, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §
1331 and 29 U.S.C. § 216(b).

7.     This Court has supplemental jurisdiction over Plaintiffs' claims under Ohio law
because those claims are so related to the FLSA claims as to form part of the same case or
controversy. 28 U.S.C. § 1367.

8.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. §
1391(b) because Defendant resides in this district and division and/or because all or a substantial
part of the events or omissions giving rise to Plaintiffs' claims occurred here.

## PARTIES

9.     Plaintiff Reese is an individual and a resident of the State of Ohio. Plaintiff Reese
has completed a "Consent Form" which is filed as Exhibit A to this Complaint and is
incorporated by reference herein.

10.    Plaintiff Bennett is an individual and a resident of the State of Ohio. Plaintiff
Bennett has completed an "Opt-In Consent Form" which is filed as Exhibit B to this Complaint
and is incorporated by reference herein.

11.    Defendant Mike Albert Leasing, Inc. is an Ohio for-profit corporation with its
principal place of business at 10340 Evendale Drive, Cincinnati, OH 45241.[1] According to
records maintained by the Ohio Secretary of State, Defendant Mike Albert Leasing's Statutory
Agent for service of process is W. Patrick Stull, 10340 Evendale Dr. Cincinnati, OH 45241.[2]

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

---

[1] *See* https://www.mikealbert.com/contact (last accessed May 31, 2023).
[2] https://businesssearch.ohiosos.gov?=businessDetails/787001 (last accessed May 31, 2023).

12.     Defendant Mike Albert Leasing is one of the businesses associated with the "largest portfolio of closed-end leases in the fleet industry,"[3] Mike Albert Sales & Service / Mike Albert Fleet Solutions. As part of its business, Mike Albert Leasing is engaged in vehicle transportation and delivery, as well as vehicle outfitting. Defendant Mike Albert Leasing also picks up individual drivers for vehicle transportation and delivery. Defendant hires and employs drivers, such as Plaintiffs Reese, Bennett, and other members of the FLSA Collective and Ohio Class, to complete these delivery, driving, and related services, for which Defendant Mike Albert Leasing receives compensation from its customers and clients.

13.     Defendant is an "employer" of Plaintiffs and other members of the FLSA Collective and Ohio Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and Ohio law, Ohio Const. Art. II, Sec. 34 and O.R.C. § 4113.15.

14.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

15.     At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16.     Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

17.     At all times relevant, Defendant was an employer of Plaintiffs and other members of the FLSA Collective and Ohio Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

---

[3] https://www.automotive-fleet.com/279632/mike-albert-celebrates-60th-anniversary (last accessed May 31, 2023).

**Plaintiffs,' the FLSA Collective's, and Ohio Class's**
**Non-Exempt Employment Statuses with Defendant**

18.　　Plaintiff Jason Reese has been employed by Defendant from approximately January 2018 to the present as a driver.

19.　　Plaintiff Kevin Bennett was employed by Defendant from approximately June 2021 to September 2022 as a driver.

20.　　At all times relevant, Plaintiffs and other members of the FLSA Collective and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and Ohio law, Ohio Const. Art. II, Sec. 34a., and O.R.C. § 4113.15.

21.　　At all times relevant, Plaintiffs and other members of the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendant Mike Albert Leasing's Misclassification of**
**Plaintiffs and other Members of the FLSA Collective**
**and Ohio Class as Independent Contractors**

22.　　Mike Albert Leasing, in violation of the FLSA and Ohio law, classifies its drivers – including Plaintiffs Reese, Bennett, and other members of the FLSA Collective and Ohio Class – as so-called "independent contractors." Through this misclassification, Defendant knowingly, willfully, and deliberately fails to compensate Plaintiffs and other members of the FLSA Collective and Ohio Class minimum wage, and overtime compensation at at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

23.　　In fact, Plaintiffs Reese, Bennett, and Defendant's other drivers are employees of Defendant according to the standards applicable under the FLSA and Ohio law and are entitled to minimum wage and overtime compensation.

24.     As a matter of economic reality, Plaintiffs and other members of the FLSA Collective and Ohio Class are economically dependent on Defendant.

25.     Plaintiffs and other members of the FLSA Collective and Ohio Class performed work that was integral to Defendant's primary business. Defendant is in the business of providing vehicle delivery and other related services to Defendant's customers. One of Defendant's business's "primary purpose" is in fact to provide these delivery and related services to customers, and charges its customers for these delivery and related services.

26.     Defendant has a high degree of control over the manner in which drivers perform their job duties.

27.     Drivers do not exert control over any meaningful part of Defendant's business operations and do not stand as a separate economic entity from Defendant. Defendant exercises control over all aspects of the employment relationship with drivers.

28.     Defendant controls the work its drivers perform, the hours and schedule during which they perform that work and the manner in which they perform their driving duties.

29.     Drivers' opportunities for profit or loss are established unilaterally by Defendant; any opportunities drivers have to earn remuneration are unilaterally determined and controlled by Defendant. Defendant determined the amounts drivers were paid. Plaintiffs and other members of the FLSA Collective and Ohio Class could not make a profit and/or suffer any loss for their services – they performed driving, delivery and related manual labor for Defendant.

30.     Drivers do not have an opportunity for greater profits based on their management and/or technical skills. Moreover, drivers cannot modify their fee amount in order to maximize their profit. Drivers cannot renegotiate compensation throughout the employment relationship with Defendant Mike Albert Leasing or Defendant's customers.

31.     Defendant requires Plaintiffs and other members of the FLSA Collective and Ohio Class to perform driving duties under the guidelines, policies, and procedures set exclusively by Defendant. Drivers are not permitted to negotiate prices with Mike Albert Leasing or Mike Albert Leasing's customers. Drivers are not permitted to charge different prices based on other factors, such as their work experience, demand, or availability outside Mike Albert Leasing.

32.     Likewise, Mike Albert Leasing unilaterally determines the amounts its drivers are paid and unilaterally changes that amount from time to time.

33.     As a matter of economic reality, Defendant's drivers are economically dependent on Defendant. Some, like Plaintiff Reese, work in excess of sixty (60) a week without overtime pay. Given their employment constrictions, including but not limited to the long hours worked during many workweeks, drivers generally could not make their services available to the general public. Among other things, drivers were limited in their ability to work for other companies or operate independent businesses or it was impracticable to do so. Because of the nature of drivers' employment and work duties, drivers were unable to have other means of full-time employment. Drivers' work for Defendant regularly consumed the normal workweek of full-time employees.

34.     Drivers work for Defendant and are not in business for themselves.

35.     Defendant's capital investments and expenditures substantially outweigh any expenditures required on the part of Plaintiffs and other members of the FLSA Collective and Ohio Class.

36.     Defendant conducts initial interviews and vetting procedures for drivers and hires drivers at the sole discretion of Defendant.

37.     Defendant's drivers perform work that is integral to Defendant's primary, regular business of the operation of Mike Albert Leasing and associated Mike Albert companies.

38.     Defendant has knowledge of hours worked and duties performed by Plaintiffs and other members of the FLSA Collective and Ohio Class.

39.     As above, drivers are entirely dependent upon Mike Albert Leasing to perform their job duties.

40.     Defendant alone draws customers to Mike Albert Leasing's vehicle delivery services. Defendant has a far more significant role than drivers in drawing customers to Defendant's services, which again is virtually none.

41.     Defendant's opportunity for profits and risk of loss are much greater than drivers,' if any.

42.     Defendant's drivers typically work full time for Defendant, and frequently work more than forty (40) hours per workweek.

43.     Drivers work for Defendant in comparatively low-paying jobs, requiring comparatively low skills, and typically hold their positions with Defendant for long periods of time than for a single or separate series of jobs/projects. Drivers do not possess any special skills, other than holding a valid commercial driver's license ("CDL"), and being physically able to perform the manual driving, delivery services, and related labor.

44.     Drivers are under the direct supervision and control of Defendant's supervisors and managers. Defendant's supervisors and managers supervise the work duties of Plaintiffs and other members of the FLSA Collective and Ohio Class to make sure their job performance is of sufficient quality as determined by Defendant.

45.     Defendant's supervisors and managers assist drivers in the performance of their duties.

46.     Defendant instructs drivers how, when and where they are to perform their duties.

47.     Among other things, as a result of the requirements imposed by Defendant, Plaintiffs Reese, Bennett, and other members of the FLSA Collective and Ohio Class are limited in their ability to work for other companies or operate independent businesses or it is impracticable to do so.

48.     Mike Albert Leasing interviews, supervises, directs, disciplines, reprimands, schedules and performs other duties of an employer. Mike Albert Leasing hires/fires drivers at will, and drivers' employments are not temporary nor have a fixed end-date. Mike Albert Leasing performs functions associated with that of an employer with regard to an employee.

**Defendant Mike Albert Leasing's Failure to Pay Overtime Compensation and Minimum Wage to Plaintiffs and other Members of the FLSA Collective and Ohio Class**

49.     The FLSA required Defendant to pay its drivers, including Plaintiffs and other members of the FLSA Collective and Ohio Class, at least the minimum wage, and to pay them overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. §§ 206, 207.

50.     However, Defendant Mike Albert Leasing, having unlawfully misclassified Plaintiffs and other members of the FLSA Collective and Ohio Class as "independent contractors," failed to pay them minimum wages and overtime compensation.

51.     The FLSA required Defendant to pay minimum wage. 29 U.S.C. § 206. The FLSA incorporates state minimum wage laws when they include a higher minimum wage than the FLSA. *Id.* Ohio's minimum wage is adjusted annually as specified by Ohio Const. Art. II,

and was (for non-tipped employees such as Defendant's drivers) $8.70 per hour in 2020,[4] $8.80 per hour in 2021,[5] $9.30 per hour in 2022,[6] and is $10.10 per hour in 2023.[7]

52.     Defendant paid Plaintiffs Reese, Bennett, and other members of the FLSA Collective and Ohio Class by the mile for the outgoing trip – driving as far as Texas, New York, or Florida – without paying additional compensation for the return trip.

53.     On the return trip, as part of their regular job duties, drivers are required to drive Mike Albert Leasing passenger vehicles back to Defendant's location in Cincinnati. These Mike Albert Leasing passenger vehicles include small compact cars, SUVs, and pickup trucks – vehicles weighing 10,000 pounds or less – which do not require a CDL to operate. On a regular basis, up to 50% of Plaintiffs Reese's, Bennett's, and other members of the FLSA Collective's and Ohio Class's work hours were spent performing return trips in these small compact cars, SUVs, and pickup trucks, again time worked for which they are not paid.

54.     The FLSA, 29 C.F.R. § 785.39, provides that "[t]ravel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days." The FLSA, 29 C.F.R. § 785.38, also requires that "[t]ime spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked." Plaintiffs Reese, Bennett, and other members of the FLSA Collective and Ohio Class were required to travel as part of their job duties, including but not limited to the return trip

---

[4] https://com.ohio.gov/documents/dico_2020MinimumWageposter.pdf (last accessed June 1, 2023).
[5] https://com.ohio.gov/documents/dico_2021MinimumWageposter.pdf (last accessed June 1, 2023).
[6] https://com.ohio.gov/about-us/media-center/news/minimum-wage-increase-announced (last accessed June 1, 2023).
[7] https://com.ohio.gov/static/documents/2023MWPoster.pdf (last accessed June 1, 2023).

where they were required to drive Mike Albert Leasing passenger vehicles, and this travel regularly cut across their normal working hours. Pursuant to Defendant's companywide policy, Plaintiffs Reese, Bennett, and other members of the FLSA Collective and Ohio Class, however, were not paid for all of the time they spent traveling, including the return trips back to the Cincinnati location.

*55.*    In addition, Department of Labor regulations provide that "'wages' cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or 'free and clear.'" 29 C.F.R. § 531.35. The FLSA's minimum wage requirements are not met "where the employee 'kicks-back' directly or indirectly" all or part of the employer's wage payment. *Id.* An FLSA violation occurs "in any workweek when the cost of [tools of the trade] purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id.*

56.    Defendant requires drivers to pay for gasoline costs associated with return trips in Mike Albert Leasing vehicles.

57.    When accounting for the cost of gas, Plaintiffs Reese, Bennett, and other members of the FLSA Collective and Ohio Class made, at times, less than minimum wage.

58.    Mike Albert Leasing failed to pay at least the applicable minimum wage to Plaintiffs and other members of the FLSA Collective and Ohio Class. In some or all workweeks, the amounts paid to drivers – including Plaintiffs Reese, Bennett, and other members of the FLSA Collective and Ohio Class – "finally and unconditionally or 'free and clear'" did not equal or exceed the minimum wage after deducting drivers' expenses for gasoline (including taxes).

59.    In addition, the FLSA and Ohio law also required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate of pay for

the hours they worked in excess of forty (40), as well as provided other pay requirements as applicable. 29 U.S.C. § 207; O.R.C. § 4113.15. *See* O.R.C. § 2307.60.

60.     During their employments with Defendant, Plaintiffs and other members of the FLSA Collective and Ohio Class were required to work overtime, more than forty (40) hours per workweek. Plaintiffs Reese, Bennett, and members of the FLSA Collective and Ohio Class frequently worked more than forty (40) hours in a single workweek. As noted above, some, like Plaintiff Reese, worked in excess of sixty (60) hours a week without overtime pay.

61.     Defendant failed to pay Plaintiffs and other members of the FLSA Collective and Ohio Class overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty (40) hours in a workweek. Defendant, having unlawfully misclassified Plaintiffs and other members of the FLSA Collective and Ohio Class as "independent contractors," failed to pay drivers overtime compensation in violation of the FLSA and Ohio law.

62.     Although Defendant suffered and permitted Plaintiffs and other members of the FLSA Collective and the Ohio Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiffs and other members of the FLSA Collective and the Ohio Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiffs and other members of the FLSA Collective and the Ohio Class were willfully not properly paid overtime compensation for their overtime hours worked as required by the FLSA, 29 U.S.C. § 207, and Ohio law, O.R.C. § 4113.15. *See* O.R.C. § 2307.60.

63.     Instead of compensating Plaintiffs Reese, Bennett, and other members of the FLSA Collective and the Ohio Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek – by only paying drivers per mile for only a

portion of their work as further explained above – Defendant paid Plaintiffs and other members of the FLSA Collective and the Ohio Class less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

64.     Defendant shortchanged its non-exempt employees and failed to pay overtime compensation through unlawful practices that do not pay all overtime hours worked at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

65.     Defendant consistently, willfully, and intentionally failed to pay Plaintiffs and other members of the FLSA Collective and the Ohio Class for all hours, including overtime hours, worked, at the statutory overtime rate required. 29 U.S.C. § 207. *See* O.R.C. §§ 4113.15, 2307.60.

**Defendant's Record Keeping Violations**

66.     The FLSA and Ohio law required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; Ohio Const. Art. II, § 34a.

67.     For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

68.     Ohio constitutional law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount

paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34.

69.     Defendant failed to keep accurate records of hours worked. Thus, Defendant did not record or pay all hours worked in violation of the FLSA and Ohio law.

<u>**The Willfulness of Defendant's Violations and Plaintiffs,' the FLSA Collective's, and Ohio Class's Entitlement to Liquidated Damages**</u>

70.     In addition to the above allegations demonstrating the willfulness of Defendant's wage violations as provided for above, Defendant knew that Plaintiffs and other members of the FLSA Collective and Ohio Class were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

71.     By denying Plaintiffs and other members of the FLSA Collective and Ohio Class minimum wage and overtime compensation as required by the FLSA and Ohio law, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of minimum wage and overtime compensation under federal and Ohio law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the minimum wage and overtime compensation requirements of the FLSA and Ohio law, or acted in reckless disregard as to Defendant's obligations under these laws.

72.     Moreover, Defendant's minimum wage and overtime compensation payment obligations under the FLSA and Ohio law were clearly known by Defendant, but nonetheless willfully and intentionally disregarded. For example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued

thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the Director of Commerce, this conspicuously-placed posting includes the language: "**OVERTIME** … [a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week..."[8] Defendant therefore knew about the minimum wage and overtime compensation requirements of the FLSA and Ohio law, or acted in reckless disregard for whether Plaintiffs and other members of the FLSA Collective and Ohio Class were entitled to minimum wage and overtime compensation.

73. Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA and Ohio law.

74. Plaintiffs and other members of the FLSA Collective and Ohio Class are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation, pursuant to 29 U.S.C. § 260.

75. Under Ohio constitutional law, Plaintiffs and other members of the FLSA Collective and Ohio Class are further entitled to automatic triple minimum wage damages for each hour worked for Defendant for which Plaintiffs and other members of the FLSA Collective and Ohio Class were not paid minimum wage. Ohio Const. Art. II, § 34a.

76. Plaintiffs and other members of the FLSA Collective and Ohio Class are also entitled to damages under O.R.C. § 4113.15, which entitles Plaintiffs and other members of the

---

[8] *See, e.g.,* https://com.ohio.gov/static/documents/2023MWPoster.pdf (emphasis original) (last accessed June 1, 2023).

FLSA Collective and Ohio Class to in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per individual, whichever is greater.

77.     In addition, Plaintiffs and other members of the FLSA Collective and Ohio Class are entitled to recovery under Ohio's law providing for recoverable damages in this civil action for damages for criminal acts, O.R.C. § 2307.60.

78.     The above practices resulted in knowing and willful minimum wage and overtime violations of the FLSA, 29 U.S.C. §§ 201-219, and Ohio law, Ohio Const. Art. II, § 34a, O.R.C. §§ 4113.15, 2307.60, and resulted in the unlawful deprivation of wages to the benefit of Defendant and to the detriment of Defendant's employees, including Plaintiffs and other members of the FLSA Collective and Ohio Class.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>
### <u>(As to Counts One and Two)</u>

79.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

80.     Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

81.     The potential "opt-ins" who are "similarly situated" to Plaintiffs with respect to Defendant's FLSA violations as to the FLSA Collective consist of:

**All current and former drivers and other workers with similar job titles, work duties, and/or positions who worked for Defendant during the period of three years preceding the commencement of this action to the present.**

82.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were legally non-exempt employees of Defendant, all were subjected to and injured by

Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and/or were subjected to and injured by Defendant's unlawful practice of failing to pay minimum wages for all hours worked, and all have the same claims against Defendant for unpaid overtime compensation and minimum wage as well as for liquidated damages, attorneys' fees, and costs.

83.     Immediate, prompt disclosure of all similarly situated persons – by Court order – is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

84.     Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b) – by Court order – is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

85.     Plaintiffs cannot yet state the exact number of similarly-situated persons but aver, upon information and belief, that the FLSA Collective consists of approximately forty (40) or more persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and regulations thereunder that have the force of law.

## CLASS ACTION ALLEGATIONS
### (As to Counts Three, Four, and Five)

86.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

87.     Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws

of the State of Ohio, Ohio Const. Art. II, § 34a, O.R.C. §§ 4113.15 and 2307.60 (referred to

herein as the "Ohio Class"), defined as:

> **All current and former drivers and other workers with similar job titles, work duties, and/or positions who worked for Defendant during the period of six years preceding the commencement of this action to the present.**

88. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant Mike Albert Leasing denied Plaintiffs and other members of the Ohio Class earned and owed minimum wages under Ohio law where, among other things, these employees were not paid wages for all hours worked at the minimum wages required to be paid;

> Whether Defendant Mike Albert Leasing denied Plaintiffs and other members of the Ohio Class overtime compensation under Ohio law where, among other things, these employees were not paid at least one and one-half times their "regular rate" for all hours worked in excess of forty hours in each workweek;

> Whether Defendant Mike Albert Leasing's denial of Plaintiffs' and other members of the Ohio Class's earned and owed minimum wage and overtime compensation violates Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15;

> Whether Defendant Mike Albert Leasing's denial of Plaintiffs' and other members of the Ohio Class's earned and owed compensation was a willful violation of federal law, entitling Plaintiffs and other members of the Ohio Class to exemplary, punitive, and/or other damages pursuant to O.R.C. § 2307.60; and

> What amount of monetary relief will compensate Plaintiffs and other members of the Ohio Class for Defendant Mike Albert Leasing's failure to pay minimum wages and overtime compensation owed when the wages were required to be paid.

89. Plaintiffs' claims are typical of the claims of other members of the Ohio Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other Ohio Class members.

90. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiffs cannot yet state the exact number of class members but aver, upon information and

belief, that the Ohio Class consists of approximately forty (40) or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; Ohio Const. Art. II, § 34a.

91.     Plaintiffs Reese and Bennett will fairly and adequately protect the interests of the Ohio Class. Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiffs' counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

92.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the Ohio Class as a whole, and predominate over any questions affecting only individual class members.

93.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**
***On Behalf of Plaintiffs Reese, Bennett, and other Opt-In Plaintiffs***

94.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

95.     Plaintiffs bring this claim for violation of the FLSA's overtime provisions on behalf of themselves and members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

96.     The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

97.     Defendant failed to comply with the requirements of 29 U.S.C. § 207, by paying employees no overtime compensation for overtime hours worked. As more fully described above, Mike Albert Leasing, in violation of the FLSA, misclassified its drivers as so-called "independent contractors," when in fact they were employees of Mike Albert Leasing according to the standards applicable under the FLSA, in a willful attempt to avoid its obligations to pay overtime compensation (and minimum wages) to its properly-classified employee drivers, including Plaintiffs and other members of the FLSA Collective.

98.     Plaintiffs and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

99.     Defendant did not pay overtime compensation to Plaintiffs and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours suffered or permitted to work by Defendant.

100.     Defendant's unlawful conduct directly and proximately caused Plaintiffs and other members of the FLSA Collective to suffer overtime compensation damages for which they are entitled to judgment.

101.     Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiffs and other members of the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Plaintiffs and other members of the FLSA Collective was neither reasonable, nor was the decision not to pay overtime made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

102.     As a result of Defendant's violations of the FLSA, Plaintiffs and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiffs and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(FLSA Minimum Wage Violations)**
*On Behalf of Plaintiffs Reese, Bennett, and Opt-In Plaintiffs*

103.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

104.     Plaintiffs bring this claim for violation of the FLSA's minimum wage provisions on behalf of themselves and members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

105.    The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. 29 U.S.C. § 206.

106.    Defendant failed to comply with the requirements of 29 U.S.C. § 206, by paying employees less than the applicable Ohio minimum wage, the monetary amount of which is expressly incorporated by the FLSA. *Id.* As more fully described above, Mike Albert Leasing, in violation of the FLSA, misclassified its drivers as so-called "independent contractors," when in fact they were employees of Mike Albert Leasing according to the standards applicable under the FLSA, in a willful attempt to avoid its obligations to pay minimum wages (and overtime compensation) to its properly-classified employee drivers, including Plaintiffs and other members of the FLSA Collective.

107.    Defendant has engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including by refusing and/or failing to calculate and pay Plaintiffs' and other members of the FLSA Collective's minimum wages as required by federal law. 29 U.S.C. § 206.

108.    Defendant's unlawful conduct directly and proximately caused Plaintiffs and other members of the FLSA Collective to suffer minimum wage damages for which they are entitled to judgment.

109.    Defendant's violations have been willful and/or in reckless disregard of Plaintiffs' and other members of the FLSA Collective's rights, and entitle Plaintiffs and other members of the FLSA Collective to liquidated and/or punitive damages. 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT THREE
### (Ohio Minimum Wage Violations)

22

***On Behalf of Plaintiffs Reese, Bennett, Opt-In Plaintiffs,
and other Ohio Class Members***

110.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

111.     Plaintiffs bring this claim for violation of Ohio's constitutional minimum wage provisions on behalf of themselves and other members of the FLSA Collective and Ohio Class.

112.     Ohio constitutional law requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. *See* Art. II, Sec. 34a of the Ohio Constitution.

113.     Based on the improper practices described herein, including Mike Albert Leasing's misclassification of drivers as so-called "independent contractors," when in fact they were employees of Mike Albert Leasing according to the standards applicable under the FLSA and Ohio law, Defendant failed to comply with the requirements of Ohio law by paying employees less than the applicable minimum wage rate.

114.     Defendant has engaged in a series of unlawful acts, practices, policies, and procedures in violation of Art. II, Sec. 34a of the Ohio Constitution, including by refusing and/or failing to calculate and pay Plaintiffs' and other members of the FLSA Collective's and Ohio Class's minimum wages as required by Ohio law.

115.     Defendant's unlawful conduct directly and proximately caused Plaintiffs and other members of the FLSA Collective and Ohio Class to suffer damages for which they are entitled to judgment.

116.     Plaintiffs and other members of the FLSA Collective and Ohio Class are entitled to "equitable and monetary relief" including "two times the amount of the back wages," or triple damages for Defendant's minimum wage violations pursuant to Ohio Const. Art. II, Sec. 34a.

## COUNT FOUR
### (Ohio Semimonthly Wage Payment Violations)
### *On Behalf of Plaintiffs Reese, Bennett, Opt-In Plaintiffs,*
### *and other Ohio Class Members*

117.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

118.    Plaintiffs bring this claim for violation of Ohio law, O.R.C. § 4113.15, on behalf of themselves and other members of the FLSA Collective and Ohio Class.

119.    O.R.C. § 4113.15(A) required Defendant to pay "on or before the first day of each month … employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month." Defendant's failure to timely pay Plaintiffs, Opt-In Plaintiffs, and members of the Ohio Class all wages, including overtime and non-overtime wages (including wages required to be paid at minimum wage), violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A).

120.    Plaintiffs,' Opt-In Plaintiffs,' and members of the Ohio Class's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday in violation of O.R.C. § 4113.15(A). By its acts and omissions described in this Complaint, Defendant has violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15, and Plaintiffs, Opt-In Plaintiffs, and members of the Ohio Class have been injured as a result.

121.    Defendant's violations of Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15, injured Plaintiffs, Opt-In Plaintiffs, and members of the Ohio Class in that they did not receive wages due to them in a timely fashion as required by Ohio law.

122.     Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiffs, Opt-In Plaintiffs, and members of the Ohio Class all wages owed in a timely fashion as required by Ohio law. Defendant's deliberate failure to timely pay all compensation owed to Plaintiffs, Opt-In Plaintiffs, and members of the Ohio Class was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15 made in good faith. By engaging in these practices, Defendant willfully violated federal and state law and regulations thereunder that have the force of law.

123.     As a result of Defendant's violation of Ohio law, Plaintiffs, Opt-In Plaintiffs, and members of the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

## COUNT FIVE
### (Civil Action for Damages for Criminal Acts)
### *On Behalf of Plaintiffs Reese, Bennett, Opt-In Plaintiffs,*
### *and other Ohio Class Members*

124.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

125.     Plaintiffs bring this claim pursuant to Ohio's statue providing for Civil Violations for Criminal Acts, O.R.C. § 2307.60, on behalf of themselves and other Opt-In Plaintiffs, and members of the Ohio Class.

126.     At all times relevant, Defendant was an entity covered by the FLSA, 29 U.S.C. § 201, *et seq.,* and Plaintiffs, Opt-In Plaintiffs, and members of the Ohio Class have been employed by Defendant within the meaning of the FLSA.

127.     Defendant's failure to compensate overtime hours worked "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek" was a willful violation of the FLSA, 29 U.S.C. § 201, *et seq.* Defendant's failure

to timely pay Plaintiffs, Opt-In Plaintiffs, and members of the Ohio Class all overtime wages was a willful violation of the FLSA, 29 U.S.C. §§ 201, 207, 260.

128. In addition, Defendant's failure to timely pay Plaintiffs, Opt-In Plaintiffs, and members of the Ohio Class minimum wages for all hours suffered or permitted to work was a willful violation of the FLSA, 29 U.S.C. §§ 201, 206, 260.

129. By its acts and omissions described in this Complaint, Defendant has willfully [9] violated the FLSA, and Plaintiffs, Opt-In Plaintiffs, and members of the Ohio Class have been injured as a result. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.[10]

130. Defendant's willful violations of federal law injured Plaintiffs, Opt-In Plaintiffs, and members of the Ohio Class in that they did not receive wages due to them pursuant to these statutory and/or other laws and regulations.

131. As a result of Defendant's willful violations of the FLSA, Plaintiffs, Opt-In Plaintiffs, and members of the Ohio Class are entitled to compensatory, exemplary and punitive damages pursuant to O.R.C. § 2307.60.

[Plaintiffs' *Prayer for Relief* follows on the next page.]

---

[9] 29 U.S.C. § 216(a) provides that "[a]ny person who willfully violates any of the provisions of section 215 of this title shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both."

[10] *Buddenberg v. Weisdack*, 2020-Ohio-3832 (Ohio Supreme Court, 2020) (holding that claim under O.R.C. § 2307.60 requires a *criminal act*, not a criminal conviction); *see, e.g., Waters v. Pizza*, S.D.Ohio No. 3:19-cv-372, 2021 U.S. Dist. LEXIS 11743, at *14 (Jan. 22, 2021) (certifying O.R.C. § 2307.60 Fed. R. Civ. P. 23 class action).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all other members of the FLSA

Collective and Ohio Class, respectfully pray that this Honorable Court:

A.      Promptly order Defendant to provide all payroll, timekeeping and other relevant records necessary to determine similarly situated individuals;

B.      Prompt issuance of Court-approved notice to similarly-situated persons informing them of this action and enabling them to opt in;

C.      Tolling of the statute of limitations, *freely*, to all would-be Opt-In Plaintiffs to the date this matter was initially filed;[11]

D.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiffs and other members of the Ohio Class, who seek recovery under Ohio Constitution Art. II, § 34a, and O.R.C. §§ 4113.15, 2307.60;

E.      Enter judgment against Defendant, and in favor of Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) and Ohio law, and the members of the Ohio Class;

F.      Award compensatory damages to Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and Ohio Class members in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

G.      Award compensatory damages to Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and Ohio Class members in the amount of their unpaid minimum wages, in addition to liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and Ohio Class members under Ohio Constitution Art. II, § 34a;

H.      Award Plaintiffs and other members of the Ohio Class, including Opt-Ins to this litigation, all damages allowed by Ohio law, including but not limited to O.R.C. § 4113.15, which entitles Plaintiffs and other members of the Ohio Class to in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per Ohio Class member, whichever is greater;

I.      Award compensatory, exemplary and punitive damages under O.R.C. § 2307.60 to Plaintiffs and other members of the FLSA Collective and Ohio Class;

---

[11]  *Clark v. A&L Homecare & Training Ctr., LLC*, No. 22-3101/3102, 2023 U.S. App. LEXIS 12365, at *26 (6th Cir. May 19, 2023) (holding, by majority concurrence, that "given the court's new standard, district courts should freely grant equitable tolling to would-be opt-in plaintiffs.")

J.     Designation of Plaintiffs as representatives of the Fed. R. Civ. P. 23 Ohio Class, and counsel of record as Class Counsel for the Ohio Class;

K.     Award Plaintiffs and other members of the FLSA Collective and Ohio Class prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

L.     Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780) (Trial Counsel)
Ryan A. Winters (0086917)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiffs, Potential Opt-In Plaintiffs, and Putative Class Counsel*

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)